IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-02398-KLM

SAL CELAURO, JR.,

    Plaintiff,

v.

FEDERAL EXPRESS GROUND,
ROBBY BAIER,
PAUL BURGELON, and
RYAN PELKY,

    Defendants.
_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Defendants' **Motion to Dismiss for Failure to State a Claim** [#24][1] (the "Motion"). Plaintiff, who proceeds as a pro se litigant,[2] filed a Response [#27] in opposition to the Motion [#24], Defendants filed a Reply [#28], and Plaintiff filed a Surreply [#29].[3] The Court has reviewed the briefs, the case file, and the

---

[1] "[#24]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). This convention is used throughout this Order.

[2] The Court must construe liberally the filings of a pro se litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-521 (1972). In doing so, the Court should not be the pro se litigant's advocate, nor should the Court "supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1175 (10th Cir. 1997) (citing *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)). In addition, a pro se litigant must follow the same procedural rules that govern other litigants. *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

[3] Plaintiff did not file a motion seeking leave to file this Surreply [#29], and he did not show in his Surreply that the Surreply is necessary because Defendants relied on new material in their Reply [#28]. *See Green v. New Mexico*, 420 F.2d 1189, 1196 (10th Cir. 2005). Nonetheless, in

- 1 -

applicable law, and is sufficiently advised in the premises. For the reasons set for below, the Motion [#24] is **GRANTED**.[4]

## I. Background[5]

Plaintiff initiated this action on August 11, 2020. *See Compl.* [#1]. On August 13, 2020, Plaintiff was directed to cure deficiencies in the Complaint [#1] and notified that if he failed to cure the deficiencies within thirty days from August 13, 2020, the action would be dismissed without further notice. *Order Directing Plaintiff to Cure Deficiencies* [#3]. On September 15, 2020, the Court granted Plaintiff another opportunity to cure the deficiencies in the complaint. *Second Order Directing Plaintiff to Cure Deficiencies* [#7].

On September 23, 2020, Plaintiff filed an Amended Complaint [#8], which is currently the operative complaint. In the Amended Complaint [#8], Plaintiff alleges that Defendants, i.e., his employer and supervisors, tried to require him to wear a face mask while working during the COVID-19 global pandemic. *Am. Compl.* [#8] at 4. According to Plaintiff, in late April or early May 2020, his employer, Defendant Federal Express Ground ("FedEx Ground"), implemented a new company policy requiring workers to wear masks while working. *Id.* Plaintiff refused to wear a mask while working. *Id.* Based on

---

the interest of thoroughly evaluating Plaintiff's argument, and because Plaintiff is proceeding pro se, the Court considers the Surreply [#29] in its adjudication of the Motion [#24].

[4] This case has been referred to the undersigned for all purposes pursuant to D.C.COLO.LCivR 40.1(c) and 28 U.S.C. § 636(c) on the consent of the parties. *See* [#21, #23, #25].

[5] For the purposes of resolving the Motion [#24], the Court accepts as true all well-pled, as opposed to conclusory, allegations made in Plaintiff's Amended Complaint [#8]. *See Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

his own research, Plaintiff asserts that wearing a mask does not prevent contraction of the COVID-19 virus and may actually harm his health. *Id.*

On May 21, 2020, the head of the facility where Plaintiff worked, Defendant Robby Baier ("Baier"), approached Plaintiff and told him that he needed to wear a mask at work. *Id.* at 6. Plaintiff told him that wearing a mask was harmful to his health. *Id.* Defendant Baier told Plaintiff that he could wear it on his chin, but because of the Occupational Safety and Health Administration ("OSHA"), he was required to wear it. *Id.* After Plaintiff continually refused to wear a mask, Defendant Baier asked Plaintiff to leave the premises. *Id.* That evening, Defendant Baier called Plaintiff and told him that he had three options: (1) he could come to work wearing a mask, (2) he could take a thirty-day leave of absence, or (3) he could not come to work anymore and eventually be terminated. *Id.*

On May 23, 2020, Plaintiff went to Defendant FedEx Ground and signed a request for a thirty-day leave of absence. *Id.* On June 5, Plaintiff went to see Defendant Baier and requested an exemption from the mask requirement. *Id.* at 7. Plaintiff gave Defendant Baier numerous articles stating that masks do not work and can be harmful. *Id.* Defendant Baier said wearing a mask is company policy, and he declined to issue Plaintiff an exemption. *Id.* Eventually, Defendant Baier asked Plaintiff to leave the premises. *Id.*

After thirty days, Plaintiff's leave of absence expired, and he returned to work on June 25, 2020. *Id.* Plaintiff again refused to wear a mask. *Id.* A FedEx Ground manager, Chip Crumb ("Crumb") (a non-party to this litigation), told Plaintiff he had to wear a mask. *Id.* Plaintiff handed Mr. Crumb a stack of stapled documents. *Id.* One document stated that Plaintiff was exempt from wearing a mask due to a disability, which he was not

required to disclose under the Americans with Disabilities Act ("ADA") and Health Insurance Portability and Accountability Act ("HIPAA").  *Id.*  Plaintiff continued to work without a mask until Defendant Baier told Plaintiff that he needed to wear a mask.  *Id.* at 8.  Plaintiff refused and therefore was asked to leave the premises and hand over his badge.  *Id.*  Plaintiff thinks that he heard Defendant Baier say Plaintiff was suspended, but nothing was directly said to Plaintiff.  *Id.*

On July 23, 2020, Plaintiff had a meeting with Defendants Paul Burgelon ("Burgelon") and Ryan Pelky ("Pelky"), both of whom are apparently supervisors with Defendant FedEx Ground.  *Id.*  At the meeting, Plaintiff told them that masks do not work.  *Id.*  Defendant Burgelon told Plaintiff that wearing a mask was company policy.  *Id.*  Defendants Burgelon and Pelky also handed Plaintiff a copy of the Governor of Colorado's Executive Order regarding masks.  *Id.*  Plaintiff told them that the Executive Order was unconstitutional because the Governor of Colorado did not have the right to make Plaintiff's medical decisions.  *Id.*  Defendants Burgelon and Pelky explained that Plaintiff could resign and then later be rehired after the mask mandate was lifted.  *Id.*  After the meeting, Plaintiff signed a "Package Handler Documented Discussion" form.  *Id.*  On the form, Plaintiff wrote: "Masks don't work.  This is all a fraud.  I will resign from Fed Ex."  *Id.* at 8-9.

In this lawsuit, Plaintiff asserts that the Court has federal question jurisdiction under 28 U.S.C. § 1331, and he specifically cites to 28 U.S.C. § 1343 as well.  *Id.* at 3.  He asserts a single claim, titled: "Violated my Right to make my own medical decisions by

requiring me to wear a mask." *Id.* at 4. He requests monetary damages and/or equitable relief. *Id.* at 5, 15.[6]

On December 9, 2020, the Court sua sponte issued an Order to Show Cause directing Plaintiff to show how the Court has subject matter jurisdiction over his claim. *Order to Show Cause* [#18] at 6. On December 21, 2020, Plaintiff filed a response to the Order to Show Cause [#18]. *See* [#20]. Plaintiff reiterated his argument that the Governor of Colorado's Executive Order requiring masks was unconstitutional and did not need to be followed by Defendants, and that by following the Executive Order, Defendants violated his "[r]ight to make my own medical decisions." *Id.* at 3, 5. However, Plaintiff did not provide legal authority demonstrating the basis for this purported right. Plaintiff also did not assert that his rights had been violated by a state actor by naming any state authorities as defendants.

Meanwhile, on December 24, 2020, three days after Plaintiff responded to the Order to Show Cause [#18], Defendants filed the present Motion [#24]. Defendants argue that Plaintiff's claim under 28 U.S.C. § 1343 fails because he lacks standing, the statute is purely jurisdictional, and he fails to state a plausible civil rights claim. *Motion* [#24] at 3-8. Defendants also argue that the Court should not consider any ADA claim(s) because Plaintiff has not explicitly asserted a claim under the statute, and, even if the Court so construes the Amended Complaint [#8], any such attempt would fail to state a viable legal claim. *Id.* at 9-10.

---

[6] In his Response, Plaintiff for the first time asks the Court to make "FedEx Ground invalidate its policy." *Response* [#27] at 16.

In the Response, Plaintiff argues that he has standing and that § 1343 is the proper statute because "it states **ANY** civil action." *Response* [#27] at 14-16. Further, Plaintiff admits that he is not asserting any claims under 42 U.S.C. § 1983 or the ADA. *Id.* at 17, 19.

## II. Standard of Review

The purpose of a motion to dismiss pursuant to Rule 12(b)(1) is to test whether the Court has jurisdiction to properly hear the case before it. Because "federal courts are courts of limited jurisdiction," the Court must have a statutory basis to exercise its jurisdiction. *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002); Fed. R. Civ. P. 12(b)(1). Statutes conferring subject matter jurisdiction on federal courts are to be strictly construed. *F & S Const. Co. v. Jensen*, 337 F.2d 160, 161 (10th Cir. 1964). "The burden of establishing subject-matter jurisdiction is on the party asserting jurisdiction." *Id.* (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)).

A motion to dismiss pursuant to Rule 12(b)(1) may take two forms: a facial attack or a factual attack. *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995). When reviewing a facial attack on a complaint, the Court accepts the allegations of the complaint as true. *Id.* By contrast, with a factual attack, the moving party challenges the facts upon which subject-matter jurisdiction depends. *Id.* at 1003. When reviewing a factual attack on a complaint, the Court "may not presume the truthfulness of the complaint's factual allegations." *Id.* at 1003. The Court therefore must make its own findings of fact. *Id.* In order to make its findings regarding disputed jurisdictional facts, the Court "has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing." *Id.*

(citing *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990); *Wheeler v. Hurdman*, 825 F.2d 257, 259 n.5 (10th Cir. 1987)).

### III.  Analysis

### A.  Plaintiff's Cause of Action

At the outset, the Court notes that there is a substantial question regarding whether Plaintiff has asserted a valid cause of action in this case. Plaintiff's only "claim" is that Defendants' company policy requiring employees to wear masks at work violates his right to make his own medical decisions, which he asserts solely pursuant to 28 U.S.C. § 1343. *Am. Compl.* [#8] at 3-4. Defendants argue that this statute does not provide Plaintiff with an independent cause of action. *See Motion* [#24] at 6-7 ("As a threshold matter, Plaintiff cannot pursue a claim under 28 U.S.C. § 1343, a jurisdictional statute. Plaintiff references no other law or cause of action.").

Section 1343 is purely a jurisdictional statute. *See Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 608 (1979) (stating 28 U.S.C. § 1343 is the codified jurisdictional grant of the Civil Rights Act of 1871). It only creates jurisdiction in federal court when a claimant alleges a violation of the federal Constitution or another federal law *by a state actor*. For example, "to state a § 1983 claim, a plaintiff must 'allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law.'" *Bruner v. Baker*, 506 F.3d 1021, 1025-26 (10th Cir. 2007) (quoting *West v. Atkins*, 487 U.S. 42, 48 (1988)). However, Plaintiff has not brought a claim against a government actor, and he has explicitly stated that he is not bringing a claim under section 1983. *Response* [#27] at 17.

Even assuming that Plaintiff had attempted to bring a claim through section 1983 or some other legal authority, Plaintiff conclusorily asserts that Defendants violated his "[r]ight to make his own medical decisions," but provides no legal source for this right. *Am. Compl.* [#8] at 4. In fact, the Court is unaware of any constitutional, statutory, or common law right for a person to make his own medical decisions under circumstances germane to the present case, i.e., concerning mask mandates intended to protect the public in response to a global pandemic.

For example, the Due Process Clause of the Fourteenth Amendment provides that no State shall "deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend XIV, § 1. The Supreme Court has held that "the 'liberty' specially protected by the Due Process Clause includes the right[ ] . . . to bodily integrity, *Rochin v. California*, 342 U.S. 165," *Washington v. Glucksberg*, 521 U.S. 702, 720 (1997), but the closest the Supreme Court has come to holding that there is a right for a person to make his own medical decisions is its decision that "a competent person has a constitutionally protected liberty interest in *refusing unwanted medical treatment.*" *Cruzan by Cruzan v. Dir., Missouri Dep't of Health*, 497 U.S. 261, 278 (1990) (emphasis added); *see also Washington*, 521 U.S. at 720 ("the Due Process Clause protects the traditional right to *refuse unwanted lifesaving medical treatment*") (emphasis added). Here, Plaintiff has not alleged that Defendants' mask policy forces unwanted medical treatment on him. Rather, Plaintiff's arguments that "masks don't work" and "people get more sick wearing a mask," *Response* [#27] at 14, 17, inherently asserts that Defendants' mask policy is not a form of "medical treatment." Thus, Plaintiff does not appear to allege a "violation of a

right secured by the Constitution and laws of the United States." *See Bruner*, 506 F.3d at 1025-26.

Nevertheless, the Court makes no finding here regarding the validity of Plaintiff's stated cause of action under 28 U.S.C. § 1343, because this issue is most appropriately addressed under Fed. R. Civ. P. 12(b)(6). *See Uecker v. U.S. Forest Serv.*, No. 17-cv-02879-RM-KLM, 2019 WL 979105, at *18 (D. Colo. Feb. 28, 2019). Both the United States Supreme Court and the Tenth Circuit Court of Appeals have stated that the existence of a cause of action may be assumed for purposes of first adjudicating jurisdictional issues. *See, e.g.*, *Burks v. Lasker*, 441 U.S. 471, 475-76 & n. 5 (1979) ("The question whether a cause of action exists is not a question of jurisdiction, and therefore may be assumed without being decided."); *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89-90 (1998) (holding that as long as a stated claim is not "frivolous or immaterial," the absence of a valid cause of action does not implicate subject matter jurisdiction); *TON Servs., Inc. v. Qwest Corp.*, 493 F.3d 1225, 1241 n.19 (10th Cir. 2007) (holding that, because whether a private right of action exists is a non-jurisdictional question, its existence may be assumed, without deciding, while the asserted claim is adjudicated on other grounds). Because there are jurisdictional issues which must be addressed first, the Court assumes, arguendo, that Plaintiff has stated a cause of action here, and the Court proceeds to the issue of standing.

**B.     Standing**

To satisfy Article III of the United States' Constitution's standing requirement, a plaintiff must allege that:

> (1) [he] has suffered an "injury in fact" that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical;

(2) the injury is fairly traceable to the challenged action of the defendant; and
(3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

*S. Utah Wilderness All. v. Palma*, 707 F.3d 1143, 1153 (10th Cir. 2013) (quoting *Friends of the Earth v. Laidlaw Envt'l Servs.*, 528 U.S. 167, 180-181 (2000) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-561 (1992)); *Wilkenson v. Colorado*, No. 13-cv-01469-CMA-KLM, 2013 WL 6978510, at *6 (D.Colo. Dec. 17, 2013). Defendants argue that Plaintiff has not adequately alleged facts to support the second and third elements, and thus has failed to demonstrate that he has standing to pursue his claim. *Motion* [#24] at 5-6.

Regarding the second element, Defendants argue that Plaintiff lacks standing because the injury is not fairly traceable to them. *Motion* [#24] at 4. Defendants argue that "there is 'no standing when a plaintiff's alleged injury was caused by the decision of a third-party.'" *Id.* (citing *Nat'l Council for Adoption v. Jewell*, 156 F. Supp. 3d 727, 734 (E.D. Va. 2015) (citing *Marshall v. Meadows*, 105 F.3d 904, 906 (4th Cir. 1997)). Defendants assert that the Governor of Colorado's decision to adopt the mask mandate caused Plaintiff's alleged injury, and that Defendant FedEx Ground was obligated to comply with that mandate. *Motion* [#24] at 6. The Court agrees.

"To demonstrate causation, [the plaintiff] must show that his injury is 'fairly traceable' to the defendants' action." *Habecker v. Town of Estes Park, Colorado*, 518 F.3d 1217, 1225 (10th Cir. 2008) (quoting *Lujan*, 504 U.S. at 560). Essentially, Article III's causation burden requires "proof of a substantial likelihood that the defendant's conduct caused plaintiff's injury in fact." *Id.* (quoting *Nova Health Systems v. Gandy*, 416 F.3d 1149, 1156 (10th Cir. 2005)). "Moreover, where 'the independent action of some

third party not before the court' . . . was the direct cause of the plaintiff's harm, causation may be lacking." *Id.* (quoting *Simon v. E. Kentucky Welfare Rights Org.*, 426 U.S. 26, 41-42 (1976)).

The Court finds Plaintiff's injury is not fairly traceable to the Defendants. Plaintiff alleges that Defendants' mask policy is the cause of his alleged injury. *Am. Compl.* [#8] at 4. However, Defendants assert that the Governor of Colorado's Executive Order caused the alleged injury because FedEx Ground's mask policy implemented the mask directive set forth in the Executive Order. *Motion* [#24] at 6. Courts in other jurisdictions have concluded that executive orders mandating masks are traceable to the government official who issued them. For example, in *Mi Familia Vota v. Abbot*, the court found that the effects of Texas executive orders mandating masks in response to the COVID-19 global pandemic were "certainly traceable" to the Governor because he was the author of the orders. *Mi Familia Vota v. Abbot*, 497 F. Supp. 3d 195, 211 (W.D. Tex. Oct. 27, 2020). Similarly, the court in *Parker v. Wolf* found that alleged injuries resulting from Pennsylvania's mask mandates in response to COVID-19 were fairly traceable to the Governor because he instituted the executive order. *Parker v. Wolf*, No. 20-cv-1601-JEJ, 2020 WL 7295831, at *12 (M.D. Pa. Dec. 11, 2020). Here, the Governor of Colorado is a third party not before this Court who independently issued Executive Order D 2020 039 requiring that workers in "Critical Businesses" "[w]ear medical or non-medical cloth face coverings." Colo. Exec. Order No. 039 (April 17, 2020). Therefore, the Court finds that causation is lacking because the Governor of Colorado's Executive Order was the direct cause of any injury allegedly sustained by Plaintiff, not Defendants' company policy. *See*

*Simon*, 426 U.S. at 41-42 (stating that an injury cannot be "the result of the independent action of some third party not before the court").

Plaintiff argues in his Response that the Executive Order is unconstitutional. *Response* [#27] at 17. The Court need not address this contention, however, because Plaintiff has not named the correct parties to assert such a claim. "It cannot seriously be disputed that the proper vehicle for challenging the constitutionality" of a state policy "is in an action against the state officials responsible for" its enforcement. *Petrella v. Brownback*, 697 F.3d 1285, 1293-94 (10th Cir. 2012). As Plaintiff admits and the caption of the lawsuit makes plain, Plaintiff is "not suing the Governor." *Surreply* [#29] at 2. Therefore, Plaintiff's attempt to challenge the constitutionality of the Executive Order in this lawsuit is not proper.

Accordingly, the Court finds that Plaintiff lacks standing for failing to allege that his injury is fairly traceable to Defendants' conduct. *See Lujan*, 504 U.S. at 560 (stating that "the injury has to be fairly traceable to the . . . Defendant, and not . . . the result of the independent action of some third party").[7] Thus, pursuant to Fed. R. Civ. P. 12(b)(1), Plaintiff's claim against Defendants must be **dismissed without prejudice** for lack of jurisdiction. *See Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1216 (10th Cir. 2006) ("[W]here the district court dismisses an action for lack of jurisdiction . . . the dismissal must be without prejudice.").

## IV. Conclusion

---

[7] Because the Court finds that Plaintiff has not met the second element of standing, it need not also address Defendants' argument that Plaintiff lacks standing for failure to meet the third element. *See Motion* [#24] at 6.

Based on the foregoing,

IT IS HEREBY **ORDERED** that the Motion [#24] is **GRANTED**, that this case is **DISMISSED without prejudice** for lack of subject matter jurisdiction, and that the Clerk of Court shall **CLOSE** this case.

Dated: July 9, 2021

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge